IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| D. A. CARLOS CONWAY, # M-01100, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-01093-MJR |
| ) | |
| KIM BUTLER, RICK HARRINGTON, ) | |
| OFFICER LINDENBERG, ) | |
| UNKNOWN MAILROOM STAFF, ) | |
| and OFFICER SHIELDS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court on a motion for leave to proceed *in forma pauperis* ("IFP") brought by Plaintiff D. A. Carlos Conway (Doc. 2). Plaintiff, an inmate at Menard Correctional Center ("Menard"), seeks leave to proceed IFP in this case without prepayment of the Court's usual $350.00[1] filing fee in a civil case. *See* 28 U.S.C. § 1914(a). Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). However, Plaintiff's motion is also subject to 28 U.S.C. § 1915(e)(2)(A), which requires the Court to "dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." The latter statutory provision dictates the outcome of Plaintiff's IFP motion and the fate of this case.

---

[1] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee.

1

**IFP Motion**

Under penalty of perjury, Plaintiff claims to be indigent in his IFP motion (Doc. 2, p. 1). In the same motion, Plaintiff admits to receiving income during the past twelve months from a "business, profession, or other self-employment," but he fails to disclose the source, nature, or amount of this income. Although Plaintiff includes a handwritten balance sheet with the motion, Plaintiff does not refer to it in the motion or explain it in any way. Plaintiff admits to receiving "gifts or inheritances" within the past twelve months, but fails to disclose the source or amount. Curiously, Plaintiff goes on to disclose the following expenses: (1) promotional fees of $25,000/month; (2) advertising fees of $45,000/month; (3) venue costs of $100,000/month; and (4) wages of $8,325,212/year (Doc. 2, p. 2). Plaintiff also claims to contribute $57,000/month toward the support of his five children, although he does not claim that this contribution constitutes court-ordered child support.

This is not the first IFP motion that Plaintiff has filed with this Court. In a prior IFP motion, Plaintiff disclosed an ownership interest in four commercial properties in New York and New Jersey (i.e., "Trump Towers, Armani Flagship and Enigma Clothing"), while also claiming to be impoverished. *See Conway v. Atchison, et al.*, No. 12-cv-662-MJR (S.D. Ill. May 25, 2012) (Docs. 2, 9). It is unclear whether the income Plaintiff now claims to receive from a "business, profession, or self-employment" is related in any way to his interest in these commercial properties. It is also unclear whether the "gifts or inheritances" Plaintiff has received this past year are tied to this commercial real estate. The Court does not know because Plaintiff chose not to provide this information. What is clear is that Plaintiff has provided the Court with contradictory and misleading information regarding his financial status.

**Discussion**

The Court finds that Plaintiff's IFP application contains false allegations of poverty on its face, warranting dismissal of this action. The Seventh Circuit has made it clear that "[a] pleader may assert contradictory statements of fact only when legitimately in doubt about the facts in question." *Am Int'l Adjustment Co. v. Galvin*, 86 F.3d 1455, 1461 (7th Cir. 1996). Plaintiff neither expresses nor appears to be in any doubt about his income, assets, debts, or obligations. His failure to disclose certain income, gifts, inheritances, or property ownership therefore appears to be intentional, misleading, and false. Under § 1915(e)(2)(A), the Court must dismiss Plaintiff's lawsuit. *See Thomas v. GMAC*, 288 F.3d 305, 306 (7th Cir. 2001) (citations omitted) (explaining that where the "allegation of poverty was false, the suit had to be dismissed; the judge had no choice"). The Court's authority to order dismissal as a sanction for filing a false IFP application is "beyond question." *Id.*

Further, this dismissal shall be with prejudice. Whether a dismissal based on a false IFP application is with or without prejudice remains entirely within the district court's discretion. *See Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1997). Because the purpose of the IFP application is to encourage forthrightness and discourage fraud, dismissal with prejudice is widely considered an appropriate sanction for attempting to commit IFP fraud. *See, e.g., Thomas*, 288 F.3d at 306. The Court dismissed the last action Plaintiff filed in this Court as a sanction for submitting a false affidavit of poverty. *See Conway v. Atchison, et al.*, No. 12-cv-662-MJR (S.D. Ill. May 25, 2012) (Doc. 9). That dismissal did not deter Plaintiff from filing another false IFP application. The Court therefore considers a dismissal without prejudice to be no sanction at all. Accordingly, this action shall be dismissed with prejudice.

Given Plaintiff's persistent abuse of the IFP process, further sanctions are necessary to deter Plaintiff's misconduct. *See In re City of Chicago*, 500 F.3d 582, 582 (7th Cir. 2007); *see also Campbell v. Clarke*, 481 F.3d 967, 969 (7th Cir. 2007) (approving the district court's decision to treat "a prisoner who tries to evade the payment of fees . . . as if he had 'struck out' under 28 U.S.C. § 1915(g) by filing three or more frivolous suits or appeals"). In determining the most appropriate sanction, the Court notes that Plaintiff has accumulated unpaid filing fees of $1,009.15 in multiple actions he has filed in this Court alone.[2] Therefore, Plaintiff shall be barred from proceeding *in forma pauperis* under the Prison Litigation Reform Act ("PLRA") until all of the fees for Plaintiff's past and pending litigation are paid in full. *See In re City of Chicago*, 500 F.3d at 583. This means that Plaintiff must pay the full filing fee and docket fees for the complaint and any appeal taken in this matter. Moreover, by attempting to deceive the district court, Plaintiff has forfeited the privilege of proceeding *in forma pauperis* in any other case until he has paid, in full, the outstanding fees and costs for all of his federal lawsuits. *See id.* (citing *Campbell*, 481 F.3d 967).

For the reasons given in *Campbell* and *In re City of Chicago*, this Court will enter an order under *Support Systems International v. Mack*, 45 F.3d 185 (7th Cir. 1995), to remain in full force until all fees and costs from all of Plaintiff's federal lawsuits have been paid. Should Plaintiff wish to have the *Mack* order lifted, he must submit an application in writing to this Court and provide (under oath) a complete list of all his federal suits and proof that he has satisfied his full financial obligations with respect to each. *See In re City of Chicago*, 500 F.3d at 583.

---

[2] In addition to the $400.00 filing fee Plaintiff now owes in this matter, Plaintiff has accumulated unpaid filing fees in the amount of $350.00 in *Conway v. Atchison, et al.*, No. 12-cv-662-MJR (S.D. Ill. May 25, 2012) and $259.15 in *Conway v. Rednour, et al.*, No. 11-cv-506-MJR (S.D. Ill. June 14, 2011), for a total of $1,009.15.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed IFP (Doc. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED with prejudice** under § 1915(e)(2)(A) as a sanction against Plaintiff for attempting to commit a fraud on the Court.

**IT IS ORDERED** that all pending motions (Docs. 3, 6, 10, and 11) are **DENIED** as moot.

**IT IS ALSO ORDERED** that Plaintiff is restricted from filing any new civil actions in this Court until such time as his outstanding fees of $1,009.15 have been paid in full. This filing restriction does not extend to a notice of appeal from this Order, to the filing of any petition for a writ of habeas corpus, or to pleadings filed as a defendant in another criminal or civil case. Plaintiff may seek reconsideration of this Order by filing a motion in this Court *no earlier than* two years from the date of entry of this Order.

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). If Plaintiff does choose to appeal, he will be liable for the $455.00[3] appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, because this Court is treating Plaintiff as though he "struck out," this Court will not grant him permission to proceed *in forma pauperis* on appeal. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike."

---

[3] Effective December 1, 2013, this fee increases to $500.00.

Should Plaintiff attempt to file any new action in this Court, the Clerk of Courts is **DIRECTED** to return any documents submitted in violation of this Order to Plaintiff unfiled.

**IT IS SO ORDERED.**

**DATED: November 19, 2013**

                                                s/ MICHAEL J. REAGAN
                                                United States District Judge